**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| Ronald Schroyer, | : | Case No. 3:21-cv-292 |
| Plaintiff, | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| United States Marshals Service, | : | |
| Defendant. | : | |

## DEFICIENCY ORDER

Plaintiff, an inmate at Gilmer Federal Correctional Institution in Glenville, West Virginia, has filed two motions to proceed without prepayment of fees, *i.e.*, to proceed *in forma pauperis*, (ECF Nos. 4 and 6), in connection with a civil rights Complaint (ECF No. 1).  However, Plaintiff's motions are incomplete, and Plaintiff has also failed to submit a Civil Cover Sheet, a Summons form or waiver of service form, and a United States Marshal form for each named defendant.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to bring a civil action without prepayment of fees or security therefor must submit an application and affidavit to proceed without prepayment of fees *and* a <u>certified copy</u> of his trust fund account statement for the six-month period immediately preceding the filing of the Complaint obtained from the cashier or the prison at which the inmate is confined.  28 U.S.C. § 1915(a)(2).  In this case, although Plaintiff filed a "Motion for Pauperis Relief" (ECF No. 4), and subsequently an Application And Affidavit To Proceed Without Prepayment Of Fees (ECF No. 6), the Prisoner Trust Account Report that Plaintiff filed on March 14, 2022 (ECF No. 7) is a

summary rather than a certified copy of his _trust fund account statement_ as required by the PLRA. Further, as noted above, Plaintiff has failed to submit a Civil Cover Sheet, a Summons form or waiver of service form, and a United States Marshal form for each named defendant.

Plaintiff is therefore **ORDERED**, **within thirty (30) days** of the date of this Order: (1) to pay $402 ($350 filing fee plus $52 administrative fee) *or* submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, *including* a certified copy of his prison trust fund account statement for the preceding six-month period; (2) to submit a Civil Cover Sheet; and (3) to submit a completed Summons and United States Marshal form for each named defendant.

Plaintiff is advised that his failure to comply with this Order could result in the dismissal of his case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id*.

To assist Plaintiff, the Clerk of Court is **DIRECTED** to provide Plaintiff with a blank copy of the Court's Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees Form, as well as a blank copy of the Court's Civil Cover sheet and five blank copies of the Summons form and United States Marshal form.

The Clerk is further **DIRECTED** to send a copy of this Deficiency Order to the cashier of the prison at which Plaintiff is confined.

Upon receipt of the Application and Affidavit, Civil Cover Sheet, and Summons and United States Marshal forms, the Court will conduct an initial screening of the Complaint under 28 U.S.C. § 1915A as soon as practicable to determine whether or not any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the Complaint seeks

monetary relief from a Defendant who is immune from such relief. The Court will then enter an order and, if appropriate, direct service of Summons and Complaint on Defendants.

**IT IS SO ORDERED.**

April 13, 2022 　　　　　　　　　　　　　　　　　　　*s/Peter B. Silvain, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　　　　PETER B. SILVAIN, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge