UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RONALD SCHROYER, | : Case No. 3:21-cv-292 |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| UNITED STATES MARSHALS SERVICE, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS[1]

This civil case is before the Court following *pro se* Plaintiff's failure to respond to the Court's April 13, 2022 Deficiency Order. (Doc. #9). In that Order, the undersigned noted that, although Plaintiff filed two motions to proceed without prepayment of fees, *i.e.*, to proceed *in forma pauperis*, (Doc. #s 4 and 6), Plaintiff's motions were incomplete. Specifically, the Prisoner Trust Account Report that Plaintiff filed on March 14, 2022 (Doc. #7) is a summary rather than a certified copy of his trust fund account statement as required by the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a). Additionally, Plaintiff failed to submit a Civil Cover Sheet, a Summons form or waiver of service form, and a United States Marshall for each named defendant. The undersigned directed Plaintiff, within thirty days of the Order: (1) to pay $402 ($350 filing fee plus $52 administrative fee) or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a certified copy of his prison trust fund account statement for the preceding six-month period; (2) to submit a Civil

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Cover Sheet; and (3) to submit a completed Summons and United States Marshal form for each named defendant. *Id.* Plaintiff was advised that his failure to comply with the Order could result in the dismissal of his case for want of prosecution. *Id.* (citing *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)).

On April 14, 2022, Plaintiff filed a request for issuance of summons. (Doc. #14). However, he has otherwise failed to respond to this Court's Deficiency Order, and the time for doing to expired.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.") (citations omitted). Plaintiff's failure to respond to the Deficiency Order leaves the record void of any explanation for his failure to prosecute. Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be dismissed; and
2. The case be terminated on the Court's docket.

July 22, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).